IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AUDREY M. HORN and APRIL D. BROWN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | CASE NO. 3:09-1178 JUDGE TRAUGER/KNOWLES |
| TENNESSEE DEPARTMENT OF EDUCATION, DIVISION OF SPECIAL EDUCATION, METROPOLITAN NASHVILLE PUBLIC SCHOOLS, PEARL COHN HIGH SCHOOL, RALPH THOMPSON, and LINDA DUPRI, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a document filed by the pro se Plaintiffs headed "Motion: F/Restraining Order and Stop of Action based on discrimination retaliation against members of this case and children of this case." Docket No. 8. The "Motion" itself is essentially a cover/title page that is accompanied by 48 pages of documents, including in part several handwritten letters or memoranda, a "school bus incident report," a report card for La Shonda Hawkins, a "Notice of explusion of more than ten (10) school days for La Shonda Hawkins" and other materials. As best the Court can tell, the main grounds for the Motion are set forth in the first 10 pages of the documentation, which is headed as follows:

>       To: Magistrate Judge Knowles
>       From: Audrey M. Horn and April D. Brown
>       Re: La Shonda Hawkins, granddaughter and daughter

Docket No. 8-1, p. 1.

Plaintiffs filed this pro se in forma pauperis action against Defendants Department of Education, Division of Special Education, Metropolitan Nashville Public Schools, Pearl Cohn High School, Ralph Thompson, and Linda Dupri. The "grounds for filing this case in Federal Court" set forth in the Complaint by Plaintiff April Brown are as follows:

> Due to the malicious and deceitful intent with this case, I feel compelled to file in federal court. Also, due to the stress and strain that has been imposed on my Mom to get this issue resolved in years past and recent months. Now, I am filing under Federal Statutes No Child Left Behind Act of 2001.

Docket No. 1, p. 1.

The following "grounds" were set forth by Plaintiff Audrey Horn:

> Due to previous and past issues with the State Board of Education and the local school system, I feel that undue and intentional stress posed upon me to help my children advance here in this educational system was intentionally impaired, and the malicious and deceitful intent involved. We wish to have this heard in federal court.

*Id*.

The Complaint itself appears to be a 10-page document. Attached to the Complaint are approximately 224 pages of documents, which are not specifically discussed in the Complaint itself.

The Complaint contains a "Statement of Claim," which essentially avers that Plaintiff Brown was a learning disabled student with ADHD. She attended Pearl Cohn High School in '98-'99, '99-2000, and 2000 to 2002. During some periods of time, she received no special

2

education services because she had been placed in the wrong curriculum. At some point, she was suspended from Pearl Cohn and sent back to "zone school." She was readmitted to Pearl Cohn in 2001, but was again suspended in February 2002. She had previously been told in an IEP meeting that she was "being made a senior and would graduate May 2002." She was then told that she could not participate in graduation, but that she should "come at end of school term and pick up diploma." She apparently did not do so, but she started classes in a dental assistant program offered by Kaplan University, in August 2009 (some 7 years later). She was forced to drop out, however, in October 2009, because of "inability to show four years of High School or proof of a diploma." Plaintiffs learned that "no diploma has ever been issued." Plaintiffs aver that Ms. Brown "has truly been a victim of not being afforded a free appropriate education and has been left behind." Plaintiffs further aver that the school system has continually ignored her request for an accurate transcript that reflects all her credits.

The instant Motion does not appear to pertain directly to either Plaintiff Audrey Horn or Plaintiff April Brown, but rather to La Shonda Hawkins, who is identified as the granddaughter of Audrey Horn and the daughter of April Brown. The Motion avers that Ms. Hawkins was in the 6th grade at Oliver Middle School. In January 2009, Plaintiff April Brown received a letter stating that Ms. Hawkins' final grades were "being held." This situation apparently had to do with an overdue library book. On January 19, Ms. Hawkins was "apparently suspended from the bus for 3 days." On August 20, Plaintiff Horn was informed that a parent had alleged that Ms. Hawkins had assaulted her daughter in drama class. Plaintiff Horn was informed that Ms. Hawkins would be suspended for two days pending an investigation. Plaintiff Horn alleges that she and Plaintiff Brown have been "discriminated against" for several years. In October 2009,

3

the principal reported that Ms. Hawkins had "62 write-up." On January 22 (presumably in 2010), Plaintiff Brown received a call from the assistant principal stating that "they don't want La Shonda back at that school . . . ." The Motion also states:

> Because we have continued to endure these type of continued discriminatory tactics and have already file legal action, against the school system, We feel that this is nothing but a plore [*sic*] from the school system and certain individuals in the community to cause havoc, harassment, and retaliating measures against my granddaughter and other family members.
>
> At this point, I am requesting an order or restraining order to stop this action toward my granddaughter.

Docket No. 8-1, p. 8. The Motion concludes, "due to the aforementioned, we are asking your immediate help in this situation." *Id*., p. 10.

Fed. R. Civ. P. 65(b), which governs temporary restraining orders, states in relevant part as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The instant Motion is not accompanied by an affidavit, nor has the complaint been verified. The instant Motion does not appear to relate directly to either Plaintiff Horn or Plaintiff Brown, but instead is essentially a laundry list of complaints with regard to La Shonda Hawkins,

4

who is not a party to this action.

In determining whether injunctive relief should be granted, a district court must consider four factors:

(1) Whether the Plaintiff has established a substantial likelihood or probability of success on the merits;

(2) Whether there is a threat of irreparable harm to the plaintiff;

(3) Whether issuance of the injunction would cause substantial harm to others; and

(4) Whether the public interest would be served by granting injunctive relief.

*Entertainment Productions, Inc. v. Shelby County,* 588 F.3d 372, 377 (6th Cir. 2009). Plaintiffs do not address any of these topics in the instant Motion.

For the foregoing reasons, the instant Motion (Docket No. 8) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge