IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUDREY M. HORN and APRIL D. BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:09-1178 |
| ) | Judge Trauger / Knowles |
| TENNESSEE DEPT. OF EDUCATION, ) | |
| DIVISION OF SPECIAL EDUCATION, ) | |
| METROPOLITAN NASHVILLE PUBLIC ) | |
| SCHOOLS, PEARL COHN HIGH SCHOOL, ) | |
| RALPH THOMPSON, and LINDA DUPRI, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Judge Trauger has referred this matter to the undersigned for a frivolity review under 28 U.S.C. § 1915(e)(2)(B). Docket No. 4.

28 U.S.C. § 1915(e)(2)(B) states as follows:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
>    (i)    is frivolous or malicious;
>    (ii)   fails to state a claim on which relief may be granted; or
>    (iii)  seeks monetary relief against a defendant who is immune from such relief.

Under § 1915(e)(2), a complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As to factual allegations, "[t]he facts must be delusional to be frivolous . . . the standard is not whether

1

or not the district court believes the [plaintiff] - rather it is whether the facts are rational."

*Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Additionally, pro se complaints are to be construed liberally by the courts. *See Boag v. MackDougall*, 454 U.S. 364, 365 (1982).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering dismissal for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Plaintiffs filed this pro se in forma pauperis action against Defendants Department of Education, Division of Special Education, Metropolitan Nashville Public Schools, Pearl Cohn High School, Ralph Thompson, and Linda Dupri. Docket No. 1. Plaintiff April Brown, who is the daughter of Plaintiff Audrey Horn, asserts as "grounds for filing this case in Federal Court":

> Due to the malicious and deceitful intent with this case, I feel compelled to file in federal court. Also, due to the stress and strain that has been imposed on my Mom to get this issue resolved in years past and recent months. Now, I am filing under Federal

2

> Statue [*sic*] No Child Left Behind Act of 2001.

*Id.*

Plaintiff Audrey Horn asserts as "grounds for filing this case in Federal Court":

> Due to previous and past issues with the State Board of Education
> and the local school system, I feel that undue and intentional stress
> posed upon me to help my children advance here in this
> educational system was intentionally impaired, and the malicious
> and deceitful intent involved. We wish to have this heard in
> federal court.

*Id.*

The Complaint is a 10 page document that discusses Plaintiff April Brown's educational history, to which approximately 224 pages of material are attached. Docket No. 1. The Amended Complaint is a 3 page document, to which approximately 12 pages of material are attached. Docket No. 15. Plaintiffs' Amended Complaint reiterates the "grounds" set forth in the original Complaint, and requests that Plaintiff Audrey Horn's nephew, Corjuan Horn, be added as a Plaintiff. *Id.* The 12 pages of attached material are a narrative of Corjuan Horn's educational experiences beginning from age 4. *Id.*

Plaintiffs' "Statement of Claim" essentially avers that Plaintiff Brown was a learning disabled student with ADHD who attended Pearl Cohn High School off and on from 1998-2002. Docket No. 1. During some periods of that time, she received no special education services because she had been placed in the wrong curriculum. *Id.* At some point, she was suspended from Pearl Cohn High School and sent back to "zone school." *Id.* She was readmitted to Pearl Cohn High School in 2001, but was again suspended in February 2002. *Id.* She reports being told in an IEP meeting that she was "being made a senior and would graduate May 2002." *Id.* She also reports being told that she could not participate in graduation, but that she should "come

3

at end of school term and pick up diploma." *Id.* In Fall 2003, Plaintiff went to pick up her diploma, but was told by the assistant principal that her records had been sent to the school board. *Id.* Plaintiff decided leave her diploma "there, until she was ready to use it." *Id.* In August 2009, she started a dental assistant program at Kaplan University, but was forced to drop out in October 2009 because of her "inability to show four years of High School or proof of a diploma." *Id.* Plaintiffs learned that "no diploma has ever been issued." *Id.* Plaintiffs aver that Plaintiff Brown has "truly been a victim of not being afforded a free appropriate education and has been left behind." *Id.* Plaintiffs further aver that the school system has continually ignored her request for an accurate transcript that reflects all her credits. *Id.*

Plaintiffs seek the following relief:

> (1) Cite the State Board of Education and the Metropolitan Nashville Public School System to finance any future educational advancement in or out of the State of Tennessee.
>
> (2) Not sure if this is legal, order the State Board of Education to issue her High School Diploma.
>
> (3) Cite State Board of Education and Metropolitan Nashville Public Schools for violations of Student Civil Rights and Parent Civil Rights.
>
> (4) Order that specific (specialized Guidance counselor) be assigned specifically to provide adequate curriculum for students with disabilities or Resource classes in High School.
>
> (5) Order revamping measures of the Special Education Department, especially in High Schools.
>
>> (a) More attainable goals for each individual student, and attainable devices to measure (success of academic goals.)
>>
>> (b) Early intervention (Freshmen year for Vocational Skill setting for those students whose academic skills and

> vocational skills may be extremely limited, so as to promote progress, through high school years.
>
> (c) More skillful monitors with psychiatric background to help provide more behavioral therapy for those students, who's behaviorals may interfere with academic achievement in the classrooom, and non-working alternative schools.
>
> (6) Eventhough, my oldest son does not fit into this statute, and is not a plaintiff, his issue of academic performance vs disability impairments was also damaged. I requesting that the State Board of Education and Metropolitan Nashville Public School System be cited to provide free or financial and adequate educational assistance to help him with future educational placement and vocational placement, to help with career skills.
>
> (7) I wish to have my supposedly case of child abuse removed from my file and other appropriate expungeable things as deemed. I also wished that other character assassination attempts be removed.

Docket No. 1.

As has been noted, Plaintiffs have filed suit pursuant to the "No Child Left Behind Act of 2001," 20 U.S.C. §§ 6301-7941. Plaintiffs seek the injunctive relief discussed above.

With regard to the first relief sought, Plaintiffs have failed to cite any authority for the broad proposition that this Court is authorized to order Defendants to "finance *any* future educational advancement *in or out* of the State of Tennessee." Likewise, regarding the second relief sought, Plaintiffs have failed to cite any authority for the proposition that this Court can simply order the Board of Education to issue Plaintiff Brown's High School Diploma, especially without any evidence adduced to demonstrate that Plaintiff Brown successfully completed her graduation requirements.

Plaintiffs' third relief sought asks this Court to "cite" Defendants for "violations" of their

5

civil rights. This Court, however, is not empowered to initiate criminal proceedings, particularly at the request of private parties, and Plaintiffs' have not raised claims under 42 U.S.C. §1983. *See, e.g., Matthews v. Blue Cross and Blue Shield of Michigan*, 456 Mich. 365, 383-384 (Mich. 1998); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-693 (6th Cir. 1994). With regard to Plaintiffs' fourth and fifth reliefs sought, taking Plaintiffs' allegations as true, Plaintiffs' past educational injuries do not give them standing to obtain injunctive relief to protect future students from similar harms. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiffs' sixth item of relief sought seeks benefits for Plaintiff Horn's oldest son, who is not a party to this action. Because he is not a party to this action, he is not entitled to relief. Finally, Plaintiffs' seventh item of relief asks that Plaintiff Horn's "supposedly [*sic*] case of child abuse" and "other appropriate expungeable [*sic*] things" be removed from her "file." Plaintiffs fail to demonstrate how this final item of relief relates to the "no child left behind" claims asserted, or how this Court would have the authority to do so.

Because Plaintiffs are not entitled to the relief sought, they have failed to state a claim upon which relief can be granted, and their claims are frivolous. The undersigned recommends, therefore, that this action be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge